UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GAYLE LEIER, et al., | ) | Case No.: C 09-2240 PVT |
| Plaintiff, | ) | |
| | ) | **ORDER S**CHEDULING **F**URTHER **B**RIEFING AND **H**EARING ON *E*X *P*ARTE **P**ETITION FOR **A**PPROVAL OF **M**INORS' **C**OMPROMISE OF **C**LAIMS |
| v. | ) | |
| COUNTY OF SAN BENITO, et al., | ) | |
| Defendants. | ) | |

On May 29, 2009, Plaintiffs filed an *ex parte* petition for approval of minors' compromise of claims.[1] Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this interim order seeking further briefing and scheduling oral argument. Based on the moving papers submitted,

IT IS HEREBY ORDERED that Plaintiffs' *ex parte* petition for approval of minors' compromise of claims will be heard at 10:00 a.m. on July 14, 2009, in Courtroom 5 of this Court.

IT IS FURTHER ORDERED that, no later than July 7, 2009, Plaintiffs shall submit the following:

    1.    A copy of the original petition document that was actually signed by Petitioner. The signature page attached to the petition is obviously from a different draft of the document.

---

[1] The actual document bears the erroneous title "Ex Parte Petition for Minor Compromise of Disputed Claims of Minors."

2. For any representations of counsel (such as in paragraph 11), a separate declaration signed by counsel.

3. A declaration explaining what exactly was done to complete the "inquiry and investigation to ascertain the * * * nature, extent, and seriousness of said minors' injuries." The court is concerned with the division of the settlement proceeds, particularly given the extent of time D.L. was separated from his family during a particularly important developmental stage (from about 2 or 3 years of age[2] to about 3 or 4 years of age).

4. A declaration that sets forth the basis for Petitioner's "belief" that neither D.L. nor J.L. suffered any physical injuries, and that they have sufficiently recovered from the effects of said incident and have no residual effects from the incident, as set forth in Paragraphs 12 and 14 of the petition.[3]

5. One or more declarations supporting the percentage allocated for attorneys' fees. These should include: 1) a summary of the work done by each of the five attorneys and the number of hours each attorney worked on this matter; 2) the reason this case required five attorneys to represent Plaintiffs; and 3) information regarding the propriety of a 50% contingency fee for a case that appears to have settled before suit was even filed. The court notes that two of the five attorneys who handled the present case recently settled a similar case for similar amounts and only sought a 35% contingency fee.[4]

Dated: *6/18/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] The petition contains inconsistencies regarding how old D.L. was when he was removed from his home. Paragraph 12 of the petition states he was 2 years old at that time. However, in Paragraph 2 it states he was born in January of 2005, and in Paragraph 5 it states the incident was from May 15, 2008 through March 10, 2009. If D.L. was born in January of 2005, by May 15, 2008 he would have been 3 years old.

[3] The court notes that Paragraph 32 of the Complaint alleges that, as a result of Defendants' acts, Plaintiffs (plural) suffered "severe emotional distress, anxiety and general damage to their psyche, to such an extent as to cause physical manifestations of pain and symptoms of nausea and severe depression, including but not limited to sleeplessness, headaches, fatigue, loss of appetite, loss of weight, malaise, irritability, inability to focus, a generalized fear of authority figures and social workers and law enforcement officers in particular."

[4] The Plaintiffs in the other case, *Bergen et al v. County of San Benito et al.*, Case No. C09-1090 PVT, arguably obtained a more favorable settlement than the Plaintiffs in this case, given that no child in that case was separated from their family for more than five days, whereas in this case D.L. was separated from his family for ten months.