UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GAYLE LEIER, et al., <br><br>        Plaintiff, <br><br>    v. <br><br> COUNTY OF SAN BENITO, et al., <br><br>        Defendants. | Case No.: C 09-2240 PVT <br><br> **ORDER S**OLICITING **F**URTHER **D**ECLARATIONS IN **S**UPPORT OF *E*X *P*ARTE **P**ETITION FOR **A**PPROVAL OF **M**INORS' **C**OMPROMISE OF **C**LAIMS |

On July 14, 2009, Plaintiffs appeared for hearing on their *ex parte* petition for approval of minors' compromise of claims. Based on the briefing and arguments submitted,

IT IS HEREBY ORDERED that , no later than July 31, 2009, Plaintiffs shall file one or more additional declarations supporting the percentage allocated for attorneys' fees. The declaration(s) shall include information regarding:

1. What contingency fee percentage other attorneys charge for handling similar kinds of cases in San Benito County, Monterey County, Santa Cruz County and/or Santa Clara County; and

2. How many hours were devoted by the attorneys specifically to this case, as opposed to the steps taken by Gayle Leier to obtain custody of her grandson, D.L.[1]

---

[1] Gaining custody of D.L. is not relief Gayle Leier could have obtained in this civil rights action, and thus none of the work related to the custody matter is relevant to the reasonableness of the contingency fee in this case.

ORDER, *page 1*

IT IS FURTHER ORDERED that, no later than July 31, 2009, Plaintiffs shall also file a declaration discussing the propriety of the division of net proceeds among the three Plaintiffs based solely on the claims alleged in the complaint, without regard to any distress or damages related to Gayle Leier's efforts to obtain custody of her grandson, D.L.  The court accepts the justification for D.L.'s share, in light of the dubious merit of his claim.[2]  However, it is still unclear why Plaintiff Gayle Leier is entitled to almost twice as much as Plaintiff J.L.  From the papers on file, it appears most of Gayle's distress and losses were related to the process of obtaining custody of D.L., rather than the brief removal of J.L. from her custody.  There is no discussion in the papers of any consideration of the fact that J.L. had claims of unlawful seizure of her person that Gayle did not have.  And while the petition argues Gayle suffered the greatest damage because she was purportedly subjected to allegations of abusing her granddaughter, the complaint filed herein expressly *disclaims* any such allegations of abuse.  *See* Complaint, ¶ 24.

Dated: *7/17/09*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] Counsel has essentially admitted that the merit of D.L.'s claims is tenuous at best.  In light of counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure, the court finds counsel's cavalier attitude regarding the assertion of D.L.'s claims troubling.