UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GAYLE LEIER, et al.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN BENITO, et al.,<br><br>　　　　Defendants. | Case No.: C 09-2240 PVT<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PETITION FOR APPROVAL OF MINORS' COMPROMISE OF CLAIMS** |

　　　On July 14, 2009, Plaintiffs appeared for hearing on their *ex parte* petition for approval of minors' compromise of claims. On July 17, 2009, the court issued an order soliciting further briefing. Plaintiffs submitted the additional briefing on July 24, 2009. Based on the all of the briefing and arguments submitted,

　　　IT IS HEREBY ORDERED that Plaintiffs' petition for approval of minors' compromise of claims is DENIED IN PART and GRANTED IN PART.

　　　The petition is DENIED as to the proposed division of proceeds between Plaintiffs Gayle Leier and J.L.

　　　The court in which a minor's claims are being litigated has duty to protect the minor's interests. *See Salmeron v. U.S.*, 724 F.2d 1357, 1363 (9th Cir. 1983). The court is obligated to independently investigate and evaluate any settlement of the minor's claims to assure itself that the

minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem. *Ibid.*

Here, despite the fact the court sought further briefing to justify the division of settlement funds, the supplemental declaration filed by Plaintiff Gayle Leier still fails to show that she gave any meaningful consideration to the injuries suffered by J.L.   Everything submitted to date by Plaintiff Gayle Leier places all of the emphasis on her own suffering, and wholly discounts any suffering by Plaintiff J.L.[1]  The proposed apportionment of the settlement funds is unacceptable because Plaintiff J.L.'s interests have not been adequately protected.

The petition is also DENIED to the extent the attorneys would receive 50% of Plaintiff J.L.'s portion of the settlement.  Generally, "awards for more than 25% of the recovery in a minor's case are rare and justified only when counsel proves that he or she provided *extraordinary* services." *See Welch, et al. v. County of Sacramento*, 2008 WL 3285412 (E.D. Cal. 2008), quoting *Schwall v. Meadow Wood Apartments*, 2008 WL 552432, *1 (E.D. Cal. 2008).

Counsel has not shown that their services for J.L. were so extraordinary as to warrant an award of a 50% contingency.  It appears that even before suit was filed, Defendants expressed great willingness to compensate Plaintiff J.L. in order to settle her claims.  This is not surprising in light of the facts of this case, and the prior claims against Defendants stemming from improper removal of other children from their families.

In light of the expertise of Plaintiffs' counsel in this area of law, and arguably extraordinary services of Plaintiffs' counsel in obtaining an admission of wrong-doing from Defendants, the court would approve a 35% commission fee for Plaintiff J.L.'s portion of the settlement.

The petition is GRANTED as to: 1) the total amount of the settlement; 2) Plaintiff D.L. receiving a net amount of $20,000; 3) the attorneys receiving $20,000 in fees attributable to the

---

[1]   For example, Gayle states that only a parent who has lost a child to death could comprehend the terror and pain she felt when J.L. was taken from her home, yet she mentions nothing of the terror and pain Plaintiff J.L. must have felt when strangers took her away from the only home she had ever known.  Gayle's terse comment that "J.L. understands and feels comfortable and vindicated with the amount of money she will receive at that age of 25" shows that Gayle is not fulfilling her role as guardian ad litem.  Putting the responsibility on the minor to determine the propriety of a settlement division is an inherent abrogation of the duty courts impose on the guardian.  Guardians are appointed precisely because minors are deemed not to have the capacity to make such determinations.

settlement of Plaintiff D.L.'s claims.  The court is approving attorneys fees of 50% of Plaintiff D.L.'s portion of the settlement because the low likelihood of success of those claims meant the attorneys took on an exceptional amount of risk as to those claims, and thus at least arguably performed extraordinary services for Plaintiff D.L.

IT IS FURTHER ORDERED that this order is without prejudice to Plaintiffs filing a further petition for approval of minors' compromise of claims that provides for a fair allocation of settlement funds as to Plaintiff Gayle Leier and Plaintiff J.L.  The court would approve a 50-50 split between those two Plaintiffs (after costs and the gross amount of Plaintiff D.L.'s share are deducted from the total amount of the settlement).  For any other apportionment, Plaintiffs must show why the apportionment is fair to Plaintiff J.L., and also must show that the conflict of interest between them did not influence Plaintiff Leier's decision to request the particular apportionment.

Dated:  *9/2/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge